IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KOREY RYCHORCEWICZ, | ) | |
| | ) | Civil Action No.: 4:16-cv-0002 |
| Plaintiff, | ) | |
| | ) | |
| Individually and on behalf of similarly | ) | Judge Sim Lake |
| situated individuals. | ) | |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| WELLTEC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT WELLTEC, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S
ORIGINAL COLLECTIVE ACTION COMPLAINT**

Defendant Welltec, Inc. ("Welltec"), by and through its undersigned attorneys, and for its

answer and defenses to Plaintiff Korey Rychorcewicz's ("Plaintiff") Original Collective Action

Complaint ("Complaint"), states as follows:

**SUMMARY**

1.       Come now Plaintiff Korey Rychorcewicz, individually and on behalf of all others
similarly situated, brings this lawsuit on an individual basis to recover unpaid overtime wages
and other damages under the Fair Labor Standards Act ("FLSA") from against Welltech Inc.
[sic] ("Welltech" [sic] or "Defendant").  Plaintiff worked for Defendant performing largely
technical and manual labor type job duties, typically worked in excess of 40 hours a week, and
was employed as a Field Engineer.  Instead of paying overtime as required by the FLSA,
Defendant paid all plaintiff [sic] a hybrid base salary and non-discretionary bonuses.  This
individual action seeks to recover the unpaid overtime wages and other damages owed to
Plaintiff as a result of Defendant's violations of the FLSA.

**Answer:**       Welltec admits that it employs Plaintiff as a Field Engineer and that

Plaintiff purports to bring this civil action on his own behalf and on behalf of others allegedly

similarly-situated for alleged violations of the FLSA.  Welltec denies that it violated the FLSA,

denies that Plaintiff can maintain this action as a collective action, denies that Plaintiff or any

putative plaintiff is entitled to any damages for any alleged violations of the FLSA, or any type of relief at all, and denies all remaining allegations in this paragraph.

## PRELIMINARY STATEMENTS

2.      This is a collective action brought by Plaintiff Korey Rychorcewicz individually and on behalf of other Field Engineers and Trainees employed by Defendants [sic] at any time within a three year period preceding filing of this Complaint.

**Answer:**      Welltec admits that Plaintiff purports to bring this civil action on his own behalf and on behalf of other Field Engineers and Trainees.  Welltec denies that Plaintiff can maintain this action as a collective action, denies that Plaintiff or any putative plaintiff is entitled to any damages for any alleged violations of the FLSA, or any type of relief at all, for any time period, and denies all remaining allegations in this paragraph.

3.      Plaintiff bring [sic] this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' [sic] failure to pay Plaintiff and other Field Engineer and Trainees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

**Answer:**      Welltec admits that Plaintiff purports to bring this civil action under the FLSA.  Welltec denies that it violated the FLSA, denies that Plaintiff or any putative plaintiff is entitled to any damages for any alleged violations of the FLSA, or any type of relief at all, and denies all remaining allegations in this paragraph.

4.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants [sic] have willfully and intentionally committed violations of the FLSA as described, infra.

**Answer:**      This paragraph contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec denies that it violated the FLSA and further denies all remaining allegations in this paragraph.

2

## JURISDICTION AND VENUE

5.     ted [sic] States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

**Answer:**     This paragraph contains legal conclusions to which no response is required.  To the extent the allegations in this paragraph are intended to be factual, Welltec admits that this matter was filed in the United States District Court for the Southern District of Texas, admits that Plaintiff purports to bring claims under the FLSA, and admits that this Court has jurisdiction over the FLSA claims in the Complaint.  Welltec denies all remaining allegations in this paragraph.

6.     The acts complained of herein were committed and had their principal effect within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**Answer:**     This paragraph contains legal conclusions to which no response is required.  To the extent the allegations in this paragraph are intended to be factual, Welltec admits that venue is proper in the Southern District of Texas, but denies that it engaged in any of the unlawful acts alleged in the Complaint and further denies all remaining allegations in this paragraph.

7.     Welltec, Inc. does business in this District and a substantial part of the events alleged herein occurred in this District.

**Answer:**     This paragraph contains legal conclusions to which no response is required.  To the extent the allegations in this paragraph are intended to be factual, Welltec admits that its office in Houston, Texas is in the Southern District of Texas, but denies that it engaged in any unlawful acts.  Welltec denies all remaining allegations in this paragraph.

8.     The witnesses to overtime violations alleged in this Complaint reside in this District.

**Answer:**       This paragraph contains legal conclusions to which no response is required.  To the extent the allegations in this paragraph are intended to be factual, Welltec denies that it engaged in any violations of the FLSA.  Welltec denies all remaining allegations in this paragraph.

9.       On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge [sic] are located in this District.

**Answer:**       This paragraph contains legal conclusions to which no response is required.  To the extent the allegations in this paragraph are intended to be factual, Welltec admits that certain payroll records are located in its office in Houston, Texas.  Welltec denies that any of its payroll practices violated the FLSA and denies all remaining allegations in this paragraph

10.       Venue is proper in this District.  See 28 U.S.C. §§ 1391 (b) & (c).

**Answer:**       This paragraph contains legal conclusions to which no response is required.  To the extent the allegations in this paragraph are intended to be factual, Welltec admits that venue is proper in the Southern District of Texas.

## **PARTIES**

11.       Plaintiff repeat [sic] and re-allege [sic] all the preceding paragraphs of this Complaint as if fully set forth in this section.

**Answer:**       Welltec incorporates by reference its responses to paragraphs 1 to 10 of the Complaint.

12.       Plaintiff is a resident and citizen of Bexar County, Texas.  He was employed by Defendants [sic] as a Field Engineer within the three (3) years preceding the filing of this Original Complaint.

**Answer:**       Welltec admits that it employed Plaintiff as a Field Engineer Trainee or Field Engineer since November 11, 2013.  Welltec lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph, and accordingly denies the allegations.

13.     At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, et seq.

**Answer:**     This paragraph contains legal conclusions to which no response is required.  To the extent the allegations in this paragraph are intended to be factual, Welltec admits that it employs Plaintiff.  Welltec denies all remaining allegations in this paragraph.

14.     Defendant Welltec, Inc., is a Texas limited liability company, registered and licensed to do business in the States of Texas.

**Answer:**     Welltec admits that it is a Texas corporation that is registered and licensed to do business in Texas.  Welltec denies all remaining allegations in this paragraph.

15.     Welltec, Inc.'s registered agent for service of process in Texas is Capital Corporate Services, Inc. located at 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411 or at any other place it may be found.

**Answer:**     Welltec admits that its registered agent, Capital Services, Inc., is located at 206 E. 9th Street, Suite 1300, Austin, Texas, 78701.  Welltec denies all remaining allegations in this paragraph.

16.     Defendant Welltec, Inc., is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff [sic] employer, as well as the employer of the members of the class.

**Answer:**     This paragraph contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec admits that it is an employer under the FLSA and that it employs Plaintiff as a Field Engineer.  Welltec denies that Plaintiff can maintain this action as a collective action, and denies all remaining allegations in this paragraph.

17.     Defendants [sic] have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Welltec admits that its employees are engaged in commerce or the transport of goods produced for commerce. Welltec denies all remaining allegations in this paragraph.

18. Welltec, Inc.'s annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

**Answer:** Welltec admits that its annual gross volume of sales exceeds $500,000.00 annually. Welltec denies all remaining allegations in this paragraph.

## REPRESENTATIVE ACTION ALLEGATIONS

19. Plaintiff Korey Rychorcewicz bring [sic] this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Field Engineer and Trainees who were or are employed by Defendants [sic] and who are entitled to payment for overtime wages which Defendants [sic] failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

**Answer:** Welltec admits that Plaintiff purports to bring this civil action on his own behalf and on behalf of a class of Field Engineers and Trainees who allegedly are similarly situated for alleged violations of the FLSA for the time period alleged. Welltec denies that it violated the FLSA, denies that Plaintiff can maintain this action as a collective action, and denies that Plaintiff or any putative plaintiff is entitled to any damages, or any type of relief at all for any time period. Welltec denies all remaining allegations in this paragraph.

20. Plaintiff are [sic] unable to state the exact number of the class but believes that the classes [sic] membership exceeds 30 persons but is less than 100 persons. Defendants [sic] can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendants [sic].

**Answer:** Welltec admits that Plaintiff purports to bring this civil action on his own behalf and as a collective action. Welltec denies that Plaintiff can maintain this action as a

collective action and denies that Plaintiff has appropriately identified any certifiable class. Welltec denies all remaining allegations in this paragraph.

21.     The names and physical and mailing addresses of the probable FLSA collection [sic] action Plaintiff [sic] are available from Defendants [sic], and notice should be provided to the probable FLSA collective action Plaintiff [sic] via first class mail to their last known physical and mailing addresses as soon as possible.

**Answer:**     Welltec admits that Plaintiff purports to bring this civil action on his own

behalf and as a collective action.  Welltec denies that Plaintiff can maintain this action as a

collective action, and denies that Plaintiff has appropriately identified any certifiable class.

Welltec denies all remaining allegations in this paragraph.

22.     The email addresses of many of the probable FLSA collective action Plaintiff [sic] are available from Defendants [sic], and notice should be provided to the probable FLSA collective action Plaintiff [sic] via email to their last known email addresses as soon as possible.

**Answer:**     Welltec admits that Plaintiff purports to bring this civil action on his own

behalf and as a collective action.  Welltec denies that Plaintiff can maintain this action as a

collective action, denies that Plaintiff has appropriately identified any certifiable class, and

denies that email notification is appropriate for collective action notice.  Welltec denies all

remaining allegations in this paragraph.

23.     Oilfield workers are by category not at their residences as frequently as many other working-class Americans.  As such, they rely on email just as much or more so than typical wage earners, who himself [sic] live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

**Answer:**     Welltec denies the allegations in this paragraph.

24.     The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants [sic] which violated the FLSA, including:

a.     Defendants' [sic] uniform failure to compensate employees pursuant to the requirements of the FLSA; and

b.     Defendants' [sic] failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent the allegations in this paragraph are intended to be factual, Welltec denies the allegations. Answering further, Welltec denies that Plaintiff can maintain this action as a collective action, denies that Plaintiff has appropriately identified any certifiable class, denies that it violated the FLSA, and denies that Plaintiff or any putative plaintiff is entitled to any damages, or any type of relief at all.

25. Plaintiff Korey Rychorcewicz allege [sic] that Defendants [sic] improperly calculated their [sic] regular rate of pay and overtime for Plaintiff and other Field Engineer and Trainees employed by Defendants [sic].

**Answer:** Welltec denies the allegations in this paragraph.

## FACTUAL ALLEGATIONS

26. Defendant did not pay it's [sic] Field Engineer [sic] and Trainees overtime for hours worked over 40 hours a week.

**Answer:** Welltec admits that it did not pay its Field Engineers and Field Engineer Trainees overtime for hours worked over 40 in a week because it properly classified them as exempt.

27. Defendant paid all Field Engineer and Trainees a salary and a non-discretionary job bonus consisting for each day they work on a job assignment.

**Answer:** Welltec admits that it paid its Field Engineers and Field Engineer Trainees a salary. Answering further, Welltec paid its Field Engineers and Field Engineer Trainees discretionary bonuses that are based on, among other things, the number of days they work on a specific job assignment. Welltec denies all remaining allegations in this paragraph.

28. Plaintiff repeat [sic] and re-allege [sic] all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

**Answer:** Welltec incorporates by reference its responses to paragraphs 1 to 27 of the Complaint.

29.     From November 11, 2013 until present, Plaintiff Korey Rychorcewicz worked for Defendants [sic] as a Field Engineer.

**Answer:**        Welltec admits that it has employed Plaintiff as a Field Engineer or Field Engineer Trainee since November 11, 2013.

30.     Plaintiff worked in excess of forty (40) hours per week throughout their [sic] tenure with Defendants [sic].

**Answer:**        Welltec denies the allegations in this paragraph.

31.     Plaintiff were [sic] classified as an exempted employee paid on a salaried basis.

**Answer:**        Welltec admits that it classified Plaintiff as an exempt employee and paid him a salary.  Welltec denies all remaining allegations in this paragraph.

32.     Defendant classified all Field Engineer and Trainees as exempted employees.

**Answer:**        Welltec admits that it classifies its Field Engineers and Field Engineer Trainees as exempt employees.

33.     Defendant paid all Field Engineer and Trainees salaries.

**Answer:**        Welltec admits that it pays its Field Engineers and Field Engineer Trainees salaries.

34.     Defendants [sic] did not include bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

**Answer:**        Welltec denies the allegations in this paragraph, which are based on an incorrect factual predicate.

35.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

**Answer:**        This paragraph purports to cite and/or characterize a federal regulation, which speaks for itself as to its contents.  Accordingly, Welltec denies any characterizations or

allegations of the same that are contrary thereto.  Welltec denies all remaining allegations in this paragraph.

36.     Defendants [sic] violated the FLSA by not including bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

**Answer:**     This paragraph contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec denies the allegations in this paragraph.

37.     Plaintiff worked for Defendants [sic] in various places in Texas and Defendants' [sic] pay practices were the same at all locations.

**Answer:**     Welltec admits that Plaintiff has worked in various locations in Texas, among other places, and that Welltec pays its Field Engineers and Field Engineer Trainees salaries and discretionary bonuses.  Welltec denies all remaining allegations in this paragraph.

38.     Defendants [sic] knew, or showed reckless disregard for whether, the way it [sic] paid Plaintiff and their [sic] other Field Engineer and Trainees violated the FLSA.

**Answer:**     This paragraph contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec denies the allegations.

39.     Defendants' [sic] Field Engineer and Trainees routinely use gloves, eye and ear protectors, hard hats, drilling equipment, lubrication, an [sic] Castor Oil, hammers, wrenches, laptop computers, cell phones, and other tools, in performing their job duties.  Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

**Answer:**     Welltec admits that its Field Engineers and Field Engineer Trainees use, among other things, gloves, eye and ear protectors, hard hats, drilling equipment, lubrication, Castor Oil, hammers, wrenches, laptop computers, cell phones, and other tools, in performing their job duties.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec admits that Field Engineer and Field Engineers used, handled, worked on and/or transported goods that

were produced for interstate commerce.  Welltec denies all remaining allegations in this paragraph.

40.     Plaintiff's primary job duties included rigging up and rigging down oilfield equipment, operating oilfield machinery, and reporting daily activities to his supervisors. Plaintiff would conduct his day-to-day activities within designated parameters and in accordance with predetermined well, workover, completion, and operational plans.

**Answer:**     Welltec admits that Plaintiff's job duties include, among other things, rigging up and rigging down oilfield equipment, operating oilfield machinery and reporting daily activities to his supervisors.  Welltec denies all remaining allegations in this paragraph.

41.     Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or its clients.  Virtually every job function was predetermined by Defendant, including the tools to use at a job site, the schedule of work, and related work duties.  Plaintiff was prohibited from varying his job duties outside of the predetermined parameters.  Moreover, Plaintiff's job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

**Answer:**     Welltec admits that Field Engineers and Field Engineer Trainees follow certain checklists while performing their jobs.  Welltec denies all remaining allegations in this paragraph.

42.     Plaintiff did not have any supervisory or management duties.

**Answer:**     Welltec admits that Plaintiff did not hold the position of supervisor or manager.  Welltec denies all remaining allegations in this paragraph.

## COVERAGE UNDER THE FLSA

43.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**Answer:**     The paragraph contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec admits that it is an employer under the FLSA and that it employs Plaintiff.  Welltec denies all remaining allegations in this paragraph.

11

44.     At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

**Answer:**     This paragraph contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec admits the allegations in this paragraph.

45.     At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 201(s)(1) [sic], in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,00 [sic] (exclusive of excise taxes at the retail level which are separated stated).

**Answer:**     This paragraph purports to cite and/or characterize a federal regulation, which speaks for itself as to its contents.  Accordingly, Welltec denies any characterizations or allegations of the same that are contrary thereto.  This paragraph also contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec admits that it is part of an enterprise engaged in the transport of goods in interstate commerce or in the production of goods for interstate commerce under 29 U.S.C. § 203(s)(1).

46.     At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce.

**Answer:**     This paragraph contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec admits that Plaintiff was engaged in commerce or the transport of goods produced for commerce.  Welltec denies all remaining allegations in this paragraph.

## LEGAL ALLEGATIONS AND INDIVIDUAL CLAIMS FOR RELIEF

47.     Plaintiff repeat [sic] and re-allege [sic] all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

**Answer:**         Welltec incorporates by reference its responses to paragraphs 1 to 46 of the Complaint.

48.     29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C. § 207 (LEXIS 2013).

**Answer:**         This paragraph purports to cite and/or characterize a federal statute, which speaks for itself as to its contents, and for which no response is required.  However, Welltec denies any characterizations or allegations of the same that are contrary thereto.

49.     Defendants [sic] violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

**Answer:**         Welltec denies the allegations in this paragraph, which are based on an incorrect factual predicate.

50.     Defendants' [sic] conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

**Answer:**         Welltec denies the allegations in this paragraph.

51.     By reason of the unlawful acts alleged herein, Defendants [sic] are liable to Plaintiff for, and Plaintiff seek [sic], unpaid overtime wages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

**Answer:**         Welltec denies the allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff repeat [sic] and re-allege [sic] all previous paragraphs of this Original Complaint as though fully incorporated herein.

**Answer:**         Welltec incorporates by reference its responses to paragraphs 1 to 51 of the Complaint.

53.     Plaintiff Korey Rychorcewicz bring [sic] this collective action on behalf of all Field Engineers, Field Engineer [sic] and Trainees employed by Defendants [sic] to recover monetary damages owed by Defendants [sic] to Plaintiff and members of the putative Classes for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

**Answer:** Welltec admits that Plaintiff purports to bring this civil action on his own behalf and on behalf of a class of Field Engineers and Trainees. Welltec denies that Plaintiff can maintain this action as a collective action and denies that Plaintiff has appropriately identified any certifiable class. Welltec further denies that it violated the FLSA, and denies that Plaintiff or any putative plaintiff is entitled to any monetary damages, or any type of relief at all. Welltec denies all remaining allegations in this paragraph.

54. Defendant failed to pay Plaintiff and class members overtime at rates not less than one and one-half times their regular rates [sic] is a violation of 29 U.S.C. § 207.

**Answer:** Welltec denies the allegations in this paragraph.

55. Plaintiff Korey Rychorcewicz bring [sic] this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' [sic] willful and intentional violation of the FLSA.

**Answer:** Welltec admits that Plaintiff purports to bring this civil action on his own behalf and on behalf of a class of "other similarly situated employees." Answering further, Welltec denies that Plaintiff can maintain this action as a collective action, and denies that Plaintiff has appropriately identified any certifiable class. Welltec further denies that it violated the FLSA, and denies that Plaintiff or any putative plaintiff is entitled to any monetary damages, or any type of relief at all. Welltec denies all remaining allegations in this paragraph.

56. In the past three years, Defendants [sic] have employed dozens of Field Engineers, Field Engineer [sic] and Trainees.

**Answer:** Welltec admits that it has employed Field Engineers and Field Engineer Trainees during the past three years. Welltec denies all remaining allegations in this paragraph.

57. Like Plaintiff, these Field Engineers, Field Engineer [sic] and Trainees regularly worked more than 40 hours in a week.

**Answer:** Welltec denies the allegations in this paragraph.

58.    Defendants [sic] failed to pay these workers at the proper overtime rate.  Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in classes are properly defined as:

a.    All Operators employed by Defendants [sic] within the past three years.

b.    All Field Engineers employed by Defendants [sic] within the past three years.

c.    All Trainees employed by Defendants [sic] within the past three years.

This group includes, but is not necessarily limited to, hourly paid workers employed in States where Defendants [sic] do business.

**Answer:**    This paragraph contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec denies that Plaintiff can maintain this action as a collective action, and denies that Plaintiff has appropriately identified any certifiable class.  Welltec further denies that it violated the FLSA, and denies that Plaintiff or any putative plaintiff is entitled to any monetary damages, or any type of relief at all. Welltec denies all remaining allegations in this paragraph.

## EQUITABLE TOLLING

59.    Plaintiff repeat [sic] and re-allege [sic] all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

**Answer:**    Welltec incorporates by reference its responses to paragraphs 1 to 58 of the Complaint.

60.    The applicable statute of limitations for Plaintiff [sic] FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

**Answer:**    This paragraph contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec denies the allegations.

61.    Defendants [sic], as employers [sic] with a duty to comply with the FLSA and the means to do so, were and had at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendants [sic] should not be permitted to benefit from this imbalance of power by the passage of time.

**Answer:**      This paragraph contains legal conclusions to which no response is required.  To the extent the allegations are intended to be factual, Welltec denies the allegations.

62.      Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

**Answer:**      This paragraph purports to cite and/or characterize a federal regulation, which speaks for itself as to its contents, and for which a response is not required.  However, Welltec denies any characterizations or allegations of the same that are contrary thereto.  63.

Defendants [sic] failed to post all appropriate notices regarding the FLSA.

**Answer:**      Welltec denies the allegations in this paragraph.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Korey Rychorcewicz respectfully pray [sic] that Defendants [sic] be summoned to appear and to answer herein as follows:

a.      That Defendants [sic] be summoned to appear and answer herein;

b.      That Defendants [sic] be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all [sic];

c.      A declaratory judgment that Defendants' [sic] practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq.;

d.      Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

e.      Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq.;

f.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the application statutory period;

g.      An order directing Defendants [sic] to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

      h.      Such other and further relief as this Court may deem necessary, just and proper.

**Answer:**      To the extent that an answer to Plaintiff's Prayer for Relief is required, Welltec denies each and every allegation contained therein, and specifically denies that Plaintiff, or any other putative plaintiff, is entitled to any relief whatsoever.

## DENIAL

Welltec denies each and every allegation of the Complaint not specifically admitted above.

## ADDITIONAL OR AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff has failed to state any facts entitling him or any similarly-situated employee whom he purports to represent, the existence of which is expressly denied, to proceed collectively under section 16(b) of the FLSA, 29 U.S.C.§ 216(b), and the Complaint must be dismissed, in whole or in part, because the putative plaintiffs are not similarly situated to Plaintiff.

3.      Plaintiff and any similarly-situated employee whom he purports to represent, the existence of which is expressly denied, were timely paid and properly paid all wages due and owing under the FLSA.

4.      Welltec complied with all posting requirements under the FLSA, 29 C.F.R. § 516.4.

5.      Plaintiff and any similarly-situated employee whom he purports to represent, the existence of which is expressly denied, were at all relevant times exempt from the maximum-hour provisions of the FLSA under 29 U.S.C. § 213(b)(1), the Motor Carrier Exemption.

6.      To the extent that Welltec failed to comply with any aspect of the FLSA or any other federal law, such conduct was not willful or intentional, but rather occurred in good faith and was based on reasonable grounds for believing that such conduct did not violate the FLSA or any other federal law, and Plaintiff's claim for liquidated damages, in whole or in part, is barred by section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260.

7.      The Complaint, in whole or in part, is barred by section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, as Welltec's conduct was at all times in good faith, in conformity with, and in reliance on, the administrative rulings, practices, and enforcement policies, or any other administrative authority, specified therein.

8.      Welltec did not knowingly violate the FLSA, nor did Welltec act with reckless disregard with respect to the FLSA.

9.      The Complaint, in whole or in part, is barred by the applicable statute of limitations, including, but not limited to, the statute of limitations applicable to FLSA actions, 29 U.S.C. §§ 255 and 256.

10.     Plaintiff's claims, in whole or in part, are barred by the doctrine of ratification, acquiescence, accord and satisfaction, settlement, consent, agreement, payment, and release.

11.     Plaintiff's claims are barred to the extent that he, or any similarly-situated employee whom he purports to represent, the existence of which is expressly denied, has executed a compromise and release of any claims asserted in this lawsuit.

12.     Plaintiff's claims are barred to the extent that he, or any similarly-situated employee whom he purports to represent, the existence of which is expressly denied, seeks compensation for time he did not work, time he was not required to work, or work of which Welltec was unaware.

13.     Plaintiff has failed to state any facts entitling him, or any similarly-situated employee whom he purports to represent, the existence of which is expressly denied, to any liquidated damages, penalties, pre-judgment interest, attorneys' fees, or costs.

14.     Plaintiff has failed to state any facts entitling him, or any similarly-situated employee whom he purports to represent, the existence of which is expressly denied, to any equitable tolling.

15.     Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of laches, waiver, judicial, collateral, and equitable estoppel, and/or unclean hands.

16.     Plaintiff's claims, in whole or in part, are barred to the extent he has failed to mitigate his alleged damages.

17.     The claims of Plaintiff and/or any opt-in Plaintiffs are barred, in whole or in part, by the foreign exemption provisions of 29 U.S.C. § 213(f) and its accompanying regulations.

Welltec reserves the right to assert additional defenses upon discovery of further information regarding Plaintiff's claims and upon the development of other relevant information.

Date:   February 19, 2016                 Respectfully submitted,

                                          WELLTEC, INC.

                                    By: /s/ Andrew S. Rosenman (w/ permission)
                                          Andrew S. Rosenman (admitted pro hac vice)

                                          Attorney-in-Charge

                                          MAYER BROWN LLP
                                          71 South Wacker Drive
                                          Chicago, IL  60606
                                          Phone: (312) 792-0600
                                          Fax: (312) 706-9138
                                          mkane@mayerbrown.com
                                          arosenman@mayerbrown.com

OF COUNSEL:

Maritoni D. Kane (admitted pro hac vice)
Richard E. Nowak (admitted pro hac vice)

MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606
Phone: (312) 792-0600
Fax: (312) 706-9138
mkane@mayerbrown.com
rnowak@mayerbrown.com

Quinncy N. McNeal
Texas Bar No. 24074690
Southern District No. 1252065

MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, Texas 77002-2730
Phone: (713) 238-2630
Fax: (713) 238-4630
Email: qmcneal@mayerbrown.com

*Attorneys for Defendant Welltec, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Defendant Welltec, Inc.'s Answer and Defenses to Plaintiff's Original Collective Action Complaint was served upon all counsel of record via the U.S. District Court for the Southern District of Texas' ECF filing system.

Dated:  February 19, 2016                              By:  <u>/s/ Andrew S. Rosenman</u>
                                                                            Andrew S. Rosenman