**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| KOREY RYCHORCEWICZ, | § | |
| Individually and on behalf of similarly | § | |
| situated individuals | § | |
| | § | CIVIL ACTION NO. 4:16-cv-00002 |
| Plaintiff , | § | |
| | § | |
| v. | § | |
| | § | |
| WELLTEC INC. | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

**STIPULATED PROTECTIVE ORDER GOVERNING**
**THE PRODUCTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, named Plaintiff Korey Rychorcewicz ("Plaintiff") and Defendant Welltec, Inc. ("Welltec") (collectively "the parties"), the parties to the above-captioned matter (the "Litigation"), through their respective counsel and subject to the approval of this Court, hereby stipulate and agree to the entry of this Stipulated Protective Order Governing the Production of Confidential Documents and Information (the "Protective Order") pursuant to the following terms and conditions:

1.      This Protective Order shall apply to all documents and/or materials within the scope of Fed. R. Civ. P. 34, electronically stored information ("ESI"), written discovery responses, testimony, and other information.  Any information produced or supplied by any party or non-party to the Litigation may designate such items as "CONFIDENTIAL" based on a good faith belief that such items are confidential under this Protective Order and are not otherwise in the public domain.   The Protective Order is binding upon the parties to the Litigation, and their respective counsel, agents, representatives, officers, employees, experts, and non-party witnesses.

2.      "Confidential Information" designated as "CONFIDENTIAL" shall be limited to information the producing party reasonably believes contains:

     a.      Confidential and proprietary business information that is material to Welltec, its employees, contractors, or customers, and is not generally known by the public or by Welltec's competitors.  Such information includes, but is not limited to, employee personnel files, trade secrets, competitively sensitive information, information regarding Welltec's productivity, finances, cost data, and estimates, strategies and plans, personnel policies, benefits, wages, salaries, methods of operation, sales records and projections, employees, customers, customer lists, and contractors.

     b.      Any other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the party, the conduct of that party's business or the business of any of the party's customers or clients.

3.      All "CONFIDENTIAL" documents and/or materials within the scope of Fed. R. Civ. P. 34, ESI, written discovery responses, testimony, and other information that are so designated and the information contained therein:

     a.      shall be disclosed, whether oral, written or otherwise, only to the extent permitted by this Protective Order;

     b.      shall be used solely for the purpose and trial of this Litigation;

     c.      shall not be used, directly or indirectly, by the parties for any business, commercial, or competitive purpose; and

d.      no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in Paragraph 10.   Any other use is prohibited.

4.      All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal material designated "CONFIDENTIAL" are themselves deemed to constitute confidential matters of the same type whether or not marked or designated as such.

5.      A designation of "CONFIDENTIAL" on any part of a document or ESI shall be understood to be a designation of the entire document or ESI.   A designation of "CONFIDENTIAL" on a CD or DVD shall apply to all forms of the documents on the disk.   In lieu of marking the original of a document or other material "CONFIDENTIAL" prior to inspection, the producing party or its counsel may by letter designate any document or other material being produced for inspection as confidential, thereby making it, and the information it contains, temporarily subject to this Protective Order.   However, each copy of such document or other material delivered to the inspecting party's counsel must be marked "CONFIDENTIAL" as required by this Protective Order at the time it is so delivered in order to make the document and copies subject to this Protective Order.

6.      By the execution of this Protective Order, neither party concedes the propriety of the other party's use of the "CONFIDENTIAL" designation.   In the event a dispute arises regarding a "CONFIDENTIAL" designation, the parties agree to discuss such objection, and if they are unable to resolve any such dispute, the party who proposes such designation shall apply to the Court within fourteen (14) business days after being advised by the receiving party in

writing that the receiving party will not agree to a resolution acceptable to the producing party. Pending resolution of the dispute, the designated material in question shall continue to be treated in accordance with the terms of this Protective Order.  The party who made such designation has the burden to prove the propriety of such designation in the event of an application to the Court.

7.     Deposition testimony may be designated as "CONFIDENTIAL" by either of the following means:

a.     stating orally on the record at the time of the deposition that certain information or testimony is "CONFIDENTIAL" or that the entire deposition transcript and/or video recordings is so designated; or

b.     sending written notice within fifteen (15) business days of receipt of the deposition transcript and/or video recordings designating all or a portion of the transcript and/or video recordings as "CONFIDENTIAL."  Each party and counsel shall attach a copy of such written notice on the face of the transcript and/or video recordings (and each copy thereof) in his, her, or its possession, custody, or control.

All deposition testimony and the transcripts and video recordings of depositions shall be treated as "CONFIDENTIAL" for sixteen (16) business days after receipt of such deposition transcript and/or video recordings, or until receipt of the written notice referred to in this Paragraph 7, whichever occurs earlier.

8.     In the event a supplying party (or its counsel) designates testimony as "CONFIDENTIAL" on the record pursuant to subparagraph 7(a) above, the stenographic employee or court reporter transcribing such testimony is directed to bind any transcript page(s) containing Confidential Information separately and apart from any transcript page(s) containing

no such Confidential Information.  It shall be the responsibility of the party who so designates "CONFIDENTIAL" to apprise the stenographic employee or court reporter of such procedure.

9.      If Confidential Information is used during depositions, it shall not lose its "CONFIDENTIAL" designation through such use, and counsel shall exercise their best efforts and take all steps reasonably required to disclose such Confidential Information only in the manner permitted by this Protective Order and to protect its confidentiality during such use.  Any person from whom testimony is taken in the Litigation, whether designated as a trial witness or noticed or subpoenaed for a deposition, and to whom such Confidential Information is disclosed, shall not retain or be given possession, custody, or control of any documents containing such Confidential Information or summaries of such Confidential Information, except as provided in this Protective Order.

10.      Documents (and all other types of information set forth in Paragraph 2 above) designated as "CONFIDENTIAL" shall be kept confidential by the receiving party, shall be used solely for the prosecution or defense of this Litigation, and shall be disclosed and/or shown only to the following persons:

      a.      Counsel of Record for Plaintiff;

      b.      Counsel of Record for Welltec and the in-house counsel for Welltec responsible for supervising the Litigation;

      c.      Counsel, paralegals, assistants, stenographic, and clerical employees in the respective law firms of such counsel; and the personnel supplied by any independent contractor (including litigation support service personnel) with whom the counsel work in connection with the Litigation;

d.    the parties in the Litigation and their current and former officers, directors, in-house counsel, and other employees deemed necessary to aid counsel in the conduct of the Litigation, and are not permitted to retain any Confidential Information;

e.    any outside consultant, technical advisor, or expert witness (whether designated as trial witness or not), and together with their respective assistants and clerical staff, whether paid or unpaid, who is not a party or otherwise affiliated with the parties in any way and who is assisting outside counsel or the receiving party and to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, this Litigation ("Expert Witnesses"); any such person shall execute the Affidavit of Nondisclosure as provided in Exhibit A to this Protective Order, stating that he or she has read and understands this Protective Order and agrees to be bound by its terms, before any "CONFIDENTIAL" documents are shown to that person;

f.    a witness at any deposition or other proceeding, or any person counsel reasonably believes may be a witness in this Litigation;

g.    a witness who has, or has had, access to the Confidential Information or who was an author or recipient of the Confidential Information;

h.    the Court and its support personnel;

i.    copying or imaging services or stenographic employees and court reporters recording or transcribing testimony relating to this Litigation;

j.      mock trial participants execute the Affidavit of Nondisclosure as provided in Exhibit A to this Protective Order, and are not permitted to retain any Confidential Information;

k.      A settlement judge or mediator to whom the parties mutually agree; and

l.      Any other person or entity as to whom counsel for the producer or provider of the Confidential Information agrees in writing, or whom the Court directs, shall have access to such information.

11.     Persons having access to Confidential Information by virtue of their participation in the conduct of this Litigation shall not disclose such Confidential Information designated as "CONFIDENTIAL" to any person who is not listed in Paragraph 10 of this Protective Order. However, should disclosure to persons not listed in Paragraph 10 become necessary, counsel for the party(ies) seeking to make such disclosure shall contact counsel for the other party(ies) and seek their consent for such disclosure.  In the event the parties are not able to agree, the party seeking to make such disclosure shall seek resolution from the Court.  Any individuals who are accorded access to information designated as "CONFIDENTIAL" under this Paragraph 11 shall first sign the Affidavit of Nondisclosure as provided in Exhibit A to this Protective Order.  The party on whose behalf any such Affidavit of Nondisclosure is signed by any person shall retain a copy thereof.

12.     Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any party's counsel from rendering advice to their client(s) with respect to the Litigation and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not make specific disclosure of any documents, materials, or any Confidential Information other than in a manner permitted by this Protective Order.

7

13.     The deposition of any witness (or segment thereof) which contains Confidential Information designated as "CONFIDENTIAL" shall be taken only in the presence of persons identified in Paragraph 10 or who have executed an Affidavit of Nondisclosure as provided in Exhibit A to this Protective Order.  If the Confidential Information only comprises a portion of a deposition, persons not identified in Paragraph 10 or who have not executed an Affidavit of Nondisclosure may attend so long as they are excused from the room until testimony regarding the Confidential Information is completed.

14.     Persons having access to Confidential Information by virtue of their participation in the conduct of this Litigation shall use such Confidential Information only in connection with the prosecution of the Litigation, or rearguments, reconsiderations, and/or appeals related thereto, and shall not use such Confidential Material for any other purpose.

15.     No copies shall be made of any Confidential Information except by, or on behalf of, counsel for the parties and/or Expert Witnesses.  Such copies shall be treated in the same manner as the original documents.  For the purposes of this Protective Order, "copies" shall include restatements, excerpts, abstracts, synopses, summaries, or clones of all or any part of any Confidential Information, projections using or incorporating all or any part of any Confidential Information, computer readable records of all or any part of any Confidential Information, and any other duplication of all or any part of any Confidential Information.

16.     With the exception of designated Expert Witnesses, all Confidential Information and copies thereof must remain in the possession of the counsel to whom such Confidential Information has been produced.  No person other than such counsel (and in-house counsel) and designated Expert Witnesses may retain and/or possess Confidential Information or a copy thereof.

8

17.     At the conclusion of the Litigation, except as provided below, all Confidential Information in the possession, custody, or control of counsel for any party, of the parties, and of any person to whom the Confidential Information was provided, including all copies, shall be destroyed or returned to the party that produced the Confidential Information.  If documents are destroyed by counsel, any party, or other person, such counsel, party, or other person shall execute a certification or affidavit stating that he/she/it has destroyed such documents consistent with the obligations set forth herein.

18.     For the purposes of this Protective Order, "conclusion of the Litigation" shall be deemed to occur within ten (10) business days after termination of this Litigation, including all appeals, or within ten (10) business days after the time for taking such appeals has expired without an appeal having been taken, or if this matter is amicably settled, within ten (10) business days after receipt and/or execution of all required settlement documents and/or settlement monies.  However, the conclusion of the Litigation shall not relieve any person to whom any Confidential Information have been disclosed from the obligations provided for in this Protective Order.  The Court shall retain jurisdiction with respect to issues arising out of this Protective Order.

19.     Notwithstanding the above, a party is not required to return any Confidential Information that has been determined to be the property of such party.  Any Confidential Information or copy thereof that has been determined to be the property of such party shall be returned to counsel for such party at the conclusion of the Litigation, as defined in Paragraph 18 above, by the person to whom such Confidential Information was provided.

20.     Notwithstanding the above, counsel for any party may retain electronic copies of any Confidential Information created under routine archival and back-up procedures.

21.     All pleadings, depositions, briefs, memoranda, or other written materials containing Confidential Information, or copies thereof, shall be filed with the Court under seal or other appropriate limitation directed by the Court.

22.     Nothing herein shall affect the right of any party to contest the admissibility of any materials designated as "CONFIDENTIAL".

23.     Nothing contained in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, including, but not limited to, restrictions on disclosure to other parties, competitors, and their counsel and other representatives, officers, employees, or agents of the parties.  Further, nothing contained in this Protective Order shall be deemed to preclude any party to this Litigation from seeking modifications or revision of any provision of this Protective Order.

24.     Inadvertent failure to designate Confidential Information as "CONFIDENTIAL" in accordance with this Protective Order prior to, or at the time of, production shall not operate as a waiver of the producing party's right to thereafter designate such information as "CONFIDENTIAL" and may be remedied by supplemental written notice.  If such written notice is received in a timely fashion and prior to the public disclosure or use of such material in a manner inconsistent with the provisions of this Protective Order, all documents, information, ESI, written discovery responses, or testimony so designated shall be treated as if they had been initially designated "CONFIDENTIAL."   In the event that a receiving party in good faith discloses such Confidential Information to any person or entity not identified in Paragraph 10 hereof or to any person or entity who has not executed an Affidavit of Non-Disclosure prior to

receipt of notice of the inadvertent failure to designate such material as Confidential Information, such receiving party shall not be liable for a violation of this Protective Order.

25.     The parties agree that if any document protected by any privilege, including the attorney client privilege, attorney work product doctrine, self-critical analysis, protection as trial preparation material, and any/or other immunity from production, is inadvertently produced, it shall not be deemed a waiver of any such privilege or immunity from production by the producing party, and the receiving party agrees to return any such document immediately upon discovery that the document is privileged regardless of whether the producing party has asked for its return, and to destroy any abstracts, summaries, or other documents that contain, refer to or reflect the contents of any such privileged document.  If the producing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the inadvertently disclosed document or information, and the producing party shall, within five (5) business days, produce a privilege log with respect to the inadvertently disclosed document or information.  The receiving party may move the Court for an Order compelling production of the inadvertently disclosed document or information.  The producing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed document or information.  Nothing in this Order shall limit the right of any party to request an *in camera* review of the inadvertently disclosed document or information.

26.     If another court or party to any administrative or governmental proceedings or other litigation requests, subpoenas, or orders production of Confidential Information which any party has obtained under the terms of this Protective Order, that party shall immediately notify the designating party of the pendency of such request, subpoena, or order to permit the designating party a reasonable opportunity to object to the production pursuant thereto.

27.     Nothing shall prevent disclosure beyond the terms of this Protective Order if the supplying party designating the material as "CONFIDENTIAL" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.   Disclosure pursuant to Court order shall not be permitted until the expiration of the time by which any party may seek to appeal, unless otherwise provided for by such Court order.

28.     If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform all counsel of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

29.     Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in the ordinary course of business without prior consent of any party or of the Court.  This Protective Order shall not be construed to prevent any person from making use of or disclosing information which:

        a.     was lawfully in that person's possession and not under obligation of secrecy with respect to such information prior to receipt of such information from a producing party; or

        b.     was or is hereafter lawfully obtained from a source or sources other than the producing party or any person under an obligation of secrecy with respect to the producing party.

30.     The provisions of this Protective Order also cover and apply to any production of documents, whether by subpoena, notice, or otherwise, by any non-party with any such non-

party having the same obligations and privileges as a producing party and any party to the Litigation may designate as Confidential Information documents produced by a non-party.

31.     The parties agree that the filing and entry of this Protective Order shall not constitute a waiver of any rights under any applicable law, court rules, or both.  The parties further agree that no action taken pursuant to the Protective Order shall be construed as a waiver of any claim or defense in this Litigation, or of any position as to discoverability or admissibility of evidence.

32.     The obligations of this Protective Order shall survive the termination of this Litigation.

33.     The parties hereby agree to abide by the terms of this Protective Order during any interim period prior to its entry and shall continue to abide by its terms after its entry absent a contrary order of the Court.

Dated: June 3, 2016


/s/ Trang Q. Tran
Trang Q. Tran
State Bar No. 00795787
Federal I.D: 20361
Alecia D. Best
State Bar No. 24092129
Federal I.D.: 2591730
Tran Law Firm, L.L.P.
9801 Westheimer Road, Suite 302
Houston, Texas 77042
Telephone: 713-223-8855
Facsimile: 713-623-6399

*ATTORNEYS FOR PLAINTIFF*

/s/ Maritoni D. Kane
Maritoni D. Kane
Andrew S. Rosenman
Richard E. Nowak
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 792-0600
Fax: (312) 706-9138
mkane@mayerbrown.com
arosenman@mayerbrown.com
rnowak@mayerbrown.com

Quinncy N. McNeal
Texas Bar No. 24074690
Southern District No. 1252065
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, Texas 77002-2730
Phone: (713) 238-2630

Fax: (713) 238-4630
qmcneal@mayerbrown.com

*ATTORNEYS FOR WELLTEC, INC.*

**IT IS SO ORDERED**

Dated:  June ___, 2016

_____
Honorable Sim Lake
United States District Judge
Southern District of Texas

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KOREY RYCHORCEWICZ, Individually and on behalf of similarly situated individuals | § § § | |
| Plaintiff , | § § | CIVIL ACTION NO. 4:16-cv-00002 |
| v. | § | |
| WELLTEC INC. | § § | |
| Defendant. | § § | JURY TRIAL DEMANDED |

## AFFIDAVIT OF NON-DISCLOSURE

I, _____ , being duly sworn, hereby testify and say that:

1.     I have read the Stipulated Protective Order Governing the Production of Confidential Documents and Information (the "Protective Order") in the above-captioned case, and I understand the terms thereof.

2.     I understand that I may not, and I agree that I will not, divulge to any other person any Confidential Information (as defined in the Protective Order), any copy thereof, or any other information disclosed to me pursuant to the Protective Order.

3.     I understand that I may not, and I agree that I will not, discuss any Confidential Information, any copy thereof, or any other information disclosed to me pursuant to the Protective Order, with any other person unless the counsel who disclosed such Confidential Information or information to me has informed me that such other person has executed this Affidavit of Nondisclosure.

4.     I understand that I may not, and I agree that I will not, use any Confidential Information, any copy thereof, or any other information disclosed to me pursuant to the

Protective Order, except in the preparation for trial or trial of this action or in connection with this Litigation (as defined in the Protective Order).

5.  I shall not retain or possess any Confidential Information.

6.  By acknowledging and agreeing to these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of Texas for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____
                                                        Signature

2